JENNIE LEE ANDERSON (SBN 203586)
jennie@andrusanderson.com
LORI E. ANDRUS (SBN 205816)
lori@andrusanderson.com
PAUL LAPRAIRIE (SBN 312956)
paul.laprairie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA  94104
Telephone:     (415) 986-1400
Facsimile:     (415) 986-1474

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CRISTINA WONG, | CASE NO. |
| Plaintiff, | COMPLAINT FOR SEX AND RACE DISCRIMINATION |
| vs. | |
| | DEMAND FOR JURY TRIAL |
| INTEL CORPORATION, | |
| Defendant. | |

### I.      INTRODUCTION

1.      Plaintiff Cristina Wong ("Plaintiff" or "Ms. Wong") brings this action for sex and/or race discrimination in employment in violation of the Federal Equal Pay Act, 29 U.S.C. § 206(d), *et seq.*, Title VII, 42 U.S.C. § 2000e, *et seq.*, the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §12900, *et seq.*, the California Fair Pay Act, California Labor Code § 1197.5, *et seq.*, and the Unfair Competition Law ("UCL"), Business and Profession Code § 17200, *et seq.*, by Intel Corporation ("Defendant" or "Intel") and upon information and belief, alleges as follows:

2.      Ms. Wong is a lesbian Asian American woman who was an exemplary employee at Intel. She has been consistently praised by Intel for her work performance, including being awarded the Marketing Excellence Award, the highest honor in marketing at Intel.  Despite Ms. Wong's stellar

performance over many years as an Intel employee, Ms. Wong was discriminated against because of her sex and/or race and paid significantly less than her male and white peers.

3.      Ms. Wong has also been lauded by Intel for "enhanc[ing] the perception of Intel as a leader in equal employment practices."   But when Ms. Wong discovered that she was being compensated at a lower rate than her male peers and white peers, she learned how tenuous Intel's commitment to equal employment practice is.

4.      Ms. Wong reported the pay disparity to her manager, to Human Resources, and to Intel's WarmLine,[1] giving Intel every opportunity to correct the problem.  Despite acknowledging the large pay disparity, Intel refused.  Instead, after raising her concerns, Ms. Wong's employment was terminated.

## II.      PARTIES

5.      Defendant INTEL CORPORATION ("Intel") is a corporation incorporated in the state of Delaware with its principal place of business in Santa Clara, California.  As of December 31, 2016, Intel had approximately 53,000 employees in the United States of America.

6.      Plaintiff CRISTINA WONG is a former Intel employee residing in this district.

## III.      JURISDICTION

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367(a).

8.      On or about January 23, 2018, Ms. Wong filed a Complaint of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 556-2018-00274) that was simultaneously cross-filed with the California Department of Fair Employment and Housing ("DFEH").  On March 15, 2018, the DFEH and EEOC each issued a Right to Sue Notice.

///

///

---

[1] The WarmLine is touted by Intel as a "Workforce Diversity Program" with the goal of "provid[ing] employees with the support they need if and when they find themselves struggling with issues or concerns about staying in their current job or leaving Intel altogether."  Diversity and Inclusion Mid-Year Report 2016, 11 (2016), available at: https://newsroom.intel.com/newsroom/wp-content/uploads/sites/11/2016/08/diversity-midyear-report-2016.pdf.

COMPLAINT FOR SEX AND RACE DISCRIMINATION AND DEMAND FOR JURY TRIAL

## IV.   VENUE AND INTRADISTRICT ASSIGNMENT

9.   Defendant Intel has at all relevant times maintained its corporate headquarters in this district, and also does business in and maintains offices in San Francisco.  Intel has thus purposefully availed itself of the benefits, profits and privileges deriving from its business activities in this district and division.

10.   Plaintiff Cristina Wong is a former Intel employee who resides in this district.  Ms. Wong worked for Intel in this district, including in San Francisco.

11.   Thus, a substantial part of the events or omissions giving rise to Ms. Wong's claims occurred in this district and division.  28 U.S.C. § 1391(b)(2), Civ. L.R. 3-2(c).

## V.   FACTUAL ALLEGATIONS

### Ms. Wong's Experience at Intel

12.   In 2005, Ms. Wong graduated from the University of California, Santa Cruz with a Bachelor of Arts, majoring in economics.  That same year, Ms. Wong began working for Intel as a Logistics Customer Service Analyst.  Ms. Wong received strong performance evaluations and she was praised for having "demonstrated a keen ability to jump in, figure things out and get up-to-speed quickly."

13.   In 2007, Ms. Wong was promoted to Geographic Business Analyst, responsible for managing the supply line from Intel to its Americas Sales and Marketing Organization customers.  Her performance was evaluated as "Exceeds Expectations" and she was praised for having "seized opportunities to drive process improvement, [by] implementing change in a mature and systematic way."  In 2008, Ms. Wong was evaluated as "Outstanding," and was described by evaluators "as a high flyer and future leader at Intel, highly regarded by her peers and the management team."

14.   Ms. Wong was promoted to Product Line Analyst in 2009, where she would forecast server demand and provide market guidance for her Americas Sales and Marketing Organization counterparts.  She was evaluated as "Exceeds Expectations" and praised for her "solid strength in data analysis."  In 2010, she was also praised for fostering "innovative and creative thinking."

15.   In 2010, Ms. Wong attained her Master of Business Administration from the University of California, Davis – Graduate School of Management, with a concentration in Business Management

COMPLAINT FOR SEX AND RACE DISCRIMINATION AND DEMAND FOR JURY TRIAL

and Marketing.

16.     Ms. Wong was promoted to Marketing Specialist as part of the Sales and Marketing Rotation Program in 2011 where she worked on the Data Center team and the Channel Team.  She was praised for continuing to "demonstrate a strong ability to set and achieve high goals in any role she is asked to do."  Ms. Wong continued her rotation in 2012, working on the Consumer Campaigns team and as a co-program manager for the Intel Ambassador program.  In her performance evaluation, Ms. Wong was praised for her "ability to lead cross-functional and cross-geography teams to execute and deliver successful program results and track them to tangible metrics."

17.     In 2013 Ms. Wong was promoted to Product Marketing Specialist where she was responsible for being the Tablet segment expert for Americas Sales and Marketing Organization, including setting business objectives, driving technology transitions, launches, and aiding the setting of go-to-market strategy.  She received successful performance evaluations and was praised for her work as the president of Intel's Gay, Lesbian, Bisexual, Transgendered and Ally Employee Resource Group (IGLOBE), which "enhanced the perception of Intel as a leader in equal employment practices."

18.     In 2014, Ms. Wong continued in her role as Product Marketing Specialist in addition to covering the Canadian Consumer Campaigns Manager role, where she delivered above expectation results in a highly regarded and senior desk.  Her performance merited a QGS Award and was evaluated as "Outstanding" relative to her Sales and Marketing Group Product Marketing Specialist peers.

19.     After taking maternity leave, Ms. Wong continued in her role as Product Marketing Specialist and began transitioning her focus from the consumer to the business client side, serving as the Hewlett Packard account liaison.  She continued to receive high evaluations and was praised for her "ability to work through ambiguous assignments."

20.     Most recently, Ms. Wong worked as a Field Sales Engineer in the Sales Marketing Group where she reported to Chris Hubbard.  Her work involved leading the North American go-to-market strategy for client-computing projects in both consumer and business-to-business environments.

### Ms. Wong's Discovery of Her Discriminatorily Low Pay

21.     In June 2017, Ms. Wong discovered a "pay modeling application" on the desktop of her work computer.  When Ms. Wong inputted her salary and job title information she was surprised to learn

that for her job title and salary grade the "market range" was approximately $45,000 to $130,000 more than she was making.

22.    Perplexed by this discovery, Ms. Wong asked her peers in the Sales Marketing Group for information on their compensation. Ms. Wong performed substantially similar work and had substantially similar responsibilities as her peers. However, one white male peer disclosed that he was making at least fifty percent more per year than she was. Another male peer, who would seek her input and advice on work projects, disclosed that he was also making significantly more than her. A third peer, a white female who had considerably less educational attainment and experience than herself, revealed that she too was making significantly more than Ms. Wong.

23.    On information and belief, Ms. Wong has received discriminatory low pay for substantially similar work throughout her tenure at Intel.

24.    Ms. Wong met with her manager, Chris Hubbard, to discuss the disparity in her pay with her white and male peers. Mr. Hubbard informed Ms. Wong that she was below the minimum pay grade for her position. Mr. Hubbard indicated that he would discuss the matter with Intel's Human Resources to rectify the disparity.

25.    Ms. Wong met repeatedly with Mr. Hubbard to discuss her pay, but she was told that Intel's Human Resources was still working on the problem. When Ms. Wong asked Mr. Hubbard if she was the lowest paid member in her group, he responded that she was at least making more than the intern. Ms. Wong did not appreciate her years of experience and educational attainment being compared to a male intern who had no work experience and was in the process of completing his bachelor's degree.

26.    Mr. Hubbard confirmed that Ms. Wong's pay disparity was significant and indicated that she was receiving at least $30,000 less than the next *lowest* paid employee in the Sales Marketing Group.

27.    Ms. Wong was directed to discuss her pay inequity with Intel's WarmLine. She reiterated her pay equity complaint to WarmLine employees who promised to investigate her complaints. Ms. Wong was told that Intel was aware of her pay disparity, and that the WarmLine employee believed they needed to address the disparity. Ms. Wong was informed that she was being

1  paid at least $40,000 less than the minimum compensation for her grade level, and that her peers were

2  being paid at least $50,000 more than her.

3        28.    Despite the WarmLine employee's representations, no action was taken to correct Ms.

4  Wong's pay disparity with either her male or white peers.

5        29.    After raising the issue of her pay disparity, on October 12, 2017, Ms. Wong was

6  informed that her last day at Intel would be December 31, 2017.

7  **CAUSES OF ACTION**

8  **FIRST CAUSE OF ACTION**
   **VIOLATIONS OF THE EQUAL PAY ACT**

9  **29 U.S.C. § 206(d)** *et seq.*

10        30.    Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this

11  Complaint as if the same were set forth at length herein.

12        31.    Intel is an "employer" within the meaning of 29 U.S.C. § 203(d).

13        32.    Ms. Wong is an "employee" within the meaning of 29 U.S.C. § 203(e).

14        33.    Intel has discriminated against Ms. Wong in violation of the Fair Labor Standards Act of

15  1938, 29 U.S.C. § 206(d), et seq., as amended by the Equal Pay Act of 1963 ("EPA"), by providing her

16  with lower pay than similarly-situated male colleagues even though Ms. Wong performed substantially

17  similar duties requiring the same skill, effort and responsibilities as her male counterparts, and were

18  performed under similar working conditions.

19        34.    Intel also discriminated by subjecting Ms. Wong to discriminatory pay policies, including

20  discriminatory salaries, stock opportunities, raises, and other compensation incentives, and

21  discriminatory assignments, denials of promotions, and other advancement opportunities that would

22  result in higher compensation, and other forms of discrimination in violation of the EPA.

23        35.    The differential in pay between Ms. Wong and her male colleagues was not due to

24  seniority, merit, quantity or quality of production, but was due to her sex.

25        36.    Intel caused, attempted to cause, contributed to, or caused the continuation of, the wage

26  discrimination based on sex in violation of the EPA.

27        37.    The foregoing conduct constitutes a willful violation of the EPA within the meaning of

28  29 U.S.C. § 255(a).  Because Intel has willfully violated the EPA, a three-year statute of limitations

1    applies to such violations, pursuant to 29 U.S.C. § 255(a).

2        38.    As a result of Intel's conduct, Ms. Wong has suffered and will continue to suffer harm,

3    included but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic

4    damages.

5        39.    By reason of Intel's discrimination, Ms. Wong is entitled to all legal and equitable

6    remedies available for violations of the EPA including but not limited to, injunctive relief, compensatory

7    and punitive damages, reinstatement, liquidated damages for all willful violations, prejudgment interest,

8    attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

9        40.    Ms. Wong requests relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**SEX DISCRIMINATION**
**42 U.S.C. § 2000e, *et seq.***

13       41.    Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this

14   Complaint as if the same were set forth at length herein.

15       42.    Intel has discriminated against Ms. Wong in violation of Title VII of the Civil Rights Act,

16   42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), as described

17   herein.

18       43.    Intel has discriminated against Ms. Wong by treating her differently from and less

19   preferably than similarly-situated male employees and by subjecting her to discriminatory pay, stock

20   opportunities, discriminatory denial of pay raises, discriminatory terms and conditions of employment,

21   discriminatory job assignments, termination of employment, and other forms of discrimination in

22   violation of Title VII.

23       44.    Intel has failed to prevent, respond to, adequately investigate, and/or appropriately

24   resolve instances of sex discrimination in the workplace.

25       45.    Intel's conduct has been intentional, deliberate, willful, malicious, reckless, and

26   conducted in callous disregard of the rights of Ms. Wong, entitling her to punitive damages.

27       46.    Ms. Wong's sex was a motivating factor in Intel's discriminatory conduct.

28       47.    Intel's policies, practices and/or procedures have produced a disparate impact on Ms.

7

Wong with respect to the terms and conditions of her employment.

48.     Intel's conduct is not justified by business necessity or, if it could be justified, there are less discriminatory alternatives to it.

49.     As a result of Intel's conduct, Ms. Wong has suffered and continues to suffer harm, including but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, as well as non-economic damages.

50.     By reason of the continuous nature of Intel's discriminatory conduct, which persisted throughout Ms. Wong's employment, Ms. Wong is entitled to application of the continuing violations doctrine to all violations alleged herein.

51.     By reason of Intel's discrimination, Ms. Wong is entitled to all legal and equitable remedies available for violations of Title VII, including but not limited to, injunctive relief, reinstatement and an award of compensatory and punitive damages.

52.     Attorneys' fees and costs should be awarded under 42 U.S.C. § 2000e-5(k).

53.     Ms. Wong requests relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**RACE DISCRIMINATION**
**42 U.S.C. § 2000e, *et seq.***

54.     Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

55.     Intel has discriminated against Ms. Wong in violation of Title VII as described herein.

56.     Intel has discriminated against Ms. Wong by treating her differently from and less preferably than similarly-situated employees of other races or ethnicities and by subjecting her to discriminatory pay, stock opportunities, discriminatory denial of pay raises, discriminatory terms and conditions of employment, discriminatory job assignments, termination of employment, and other forms of discrimination in violation of Title VII.

57.     Intel has failed to prevent, respond to, adequately investigate, and/or appropriately resolve instances of race discrimination in the workplace.

58.     Intel's conduct has been intentional, deliberate, willful, malicious, reckless, and

1    conducted in callous disregard of the rights of Ms. Wong, entitling her to punitive damages.

2        59.    Ms. Wong's race was a motivating factor for Intel's discriminatory conduct.

3        60.    Intel's policies, practices and/or procedures have produced a disparate impact on Ms.

4    Wong with respect to the terms and conditions of her employment.

5        61.    Intel's conduct is not justified by business necessity or, if it could be justified, there are

6    less discriminatory alternatives to it.

7        62.    As a result of Intel's conduct, Ms. Wong has suffered and continues to suffer harm,

8    including but not limited to, lost earnings, lost benefits, lost future employment opportunities, other

9    financial loss, as well as non-economic damages.

10       63.    By reason of the continuous nature of Intel's discriminatory conduct, which persisted

11   throughout Ms. Wong's employment, Ms. Wong is entitled to application of the continuing violations

12   doctrine to all violations alleged herein.

13       64.    By reason of Intel's discrimination, Ms. Wong is entitled to all legal and equitable

14   remedies available for violations of Title VII, including but not limited to, injunctive relief,

15   reinstatement and an award of compensatory and punitive damages.

16       65.    Attorneys' fees and costs should be awarded under 42 U.S.C. § 2000e-5(k).

17       66.    Ms. Wong requests relief as hereinafter provided.

18                          **FOURTH CAUSE OF ACTION**
     **VIOLATIONS OF THE CALIFORNIA FAIR PAY ACT ON THE BASIS OF SEX**
19                   **California Labor Code § 1197.5, *et seq.***

20       67.    Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this

21   Complaint as if the same were set forth at length herein.

22       68.    Intel has discriminated against Ms. Wong in violation of California Labor Code § 1197.5,

23   *et seq.* by paying her less than similarly situated males who performed the same or substantially similar

24   work when viewed as a composite of skill, effort, and responsibility, and which was performed under

25   similar working conditions.  Intel also discriminated against Plaintiff by subjecting her to discriminatory

26   pay, raises, stock opportunities, and/or bonuses, discriminatory denials of promotions and other

27   advancement opportunities that would result in higher compensation, and other forms of discrimination

28   in violation of the California Fair Pay Act.

69.     Intel caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the California Fair Pay Act.  Moreover, Intel willfully violated the California Fair Pay Act by intentionally, knowingly, and deliberately paying Plaintiff less than similarly-situated males.

70.     As a result of Intel's conduct and/or Intel's willful, knowing and intentional discrimination, Plaintiff has suffered and will continue to suffer harm, including but not limited to, lost earning, lost benefits, and other financial loss, as well as non-economic damages.

71.     Plaintiff is therefore entitled to all legal and equitable remedies, including but not limited to compensatory damages, and liquidated damages.

72.     The foregoing conduct constitutes a willful violation of the FEHA within the meaning of Cal. Lab. Code § 1197.5(i).  Because Intel has willfully violated the FEHA, a three-year statute of limitations applies to such violations, pursuant to Cal. Lab. Code § 1197.5(i).

73.     Attorneys' fees should be awarded under California Labor Code § 1197.5.

74.     Ms. Wong requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA FAIR PAY ACT ON THE BASIS**
**OF RACE OR ETHNICITY**
**California Labor Code § 1197.5, *et seq.***

75.     Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

76.     Intel has discriminated against Ms. Wong in violation of California Labor Code § 1197.5, *et seq.* by paying her less than similarly situated members of other races or ethnicities who performed the same or substantially similar work when viewed as a composite of skill, effort, and responsibility, and which was performed under similar working conditions.  Intel so discriminated against Plaintiff by subjecting her to discriminatory pay, stock opportunities, raises, and/or bonuses, discriminatory denials of promotions and other advancement opportunities that would result in higher compensation, and other forms of discrimination in violation of the California Fair Pay Act.

77.     Intel caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on race or ethnicity in violation of the California Fair Pay Act.  Moreover,

Intel willfully violated the California Fair Pay Act by intentionally, knowingly, and deliberately paying Plaintiff less than similarly-situated members of other races or ethnicities.

78.     As a result of Intel's conduct and/or Intel's willful, knowing and intentional discrimination, Ms. Wong has suffered and will continue to suffer harm, including but not limited to, lost earning, lost benefits, and other financial loss, as well as non-economic damages.

79.     Ms. Wong is therefore entitled to all legal and equitable remedies, including but not limited to compensatory damages, and liquidated damages.

80.     The foregoing conduct constitutes a willful violation of the FEHA within the meaning of Cal. Lab. Code § 1197.5(i).  Because Intel has willfully violated the FEHA, a three-year statute of limitations applies to such violations, pursuant to Cal. Lab. Code § 1197.5(i).

81.     Attorneys' fees should be awarded under California Labor Code § 1197.5.

82.     Ms. Wong requests relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**ON THE BASIS OF SEX**
**California Government Code § 12940(a)**

83.     Plaintiff hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

84.     Intel has discriminated against Ms. Wong in violation of California Government Code § 12940(a) by paying Plaintiff less than similarly situated members of the opposite sex who performed the same or substantially similar work when viewed as a composite of skill, effort, and responsibility, and which was performed under similar working conditions.  Intel so discriminated against Plaintiff by subjecting her to discriminatory pay, stock opportunities, raises, and/or bonuses, discriminatory denials of promotions and other advancement opportunities that would result in higher compensation, and other forms of discrimination in violation of the Fair Employment and Housing Act.

85.     Ms. Wong's sex was a motivating factor for Intel's discriminatory conduct.

86.     Intel's policies, practices and/or procedures have produced a disparate impact on Ms. Wong with respect to the terms and conditions of her employment.

87.     Intel's conduct is not justified by business necessity or, if it could be justified, there are

1    less discriminatory alternatives to it.

2        88.    As a result of Intel's conduct, Ms. Wong has suffered and continues to suffer harm,

3    including but not limited to, lost earnings, lost benefits, lost future employment opportunities, other

4    financial loss, as well as non-economic damages.

5        89.    Intel's conduct has been intentional, deliberate, willful, malicious, reckless, and

6    conducted in callous disregard of the rights of Ms. Wong, entitling her to punitive damages.

7        90.    By reason of the continuous nature of Intel's discriminatory conduct, which persisted

8    throughout Ms. Wong's employment, Ms. Wong is entitled to application of the continuing violations

9    doctrine to all violations alleged herein.

10       91.    By reason of Intel's discrimination, Ms. Wong is entitled to all legal and equitable

11   remedies available for violations of FEHA, including but not limited to, injunctive relief, reinstatement

12   and an award of compensatory and punitive damages.

13       92.    Attorneys' fees should be awarded under California Labor Code § 1197.5.

14       93.    Ms. Wong requests relief as hereinafter provided.

15
**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
16
**ON THE BASIS OF RACE OR ETHNICITY**
**California Government Code § 12940(a)**
17

18       94.    Plaintiff Wong hereby incorporates and realleges each and every preceding paragraph of

19   this Complaint as if the same were set forth at length herein.

20       95.    Intel has discriminated against Ms. Wong in violation of California Government Code §

21   12940(a) by paying Plaintiff less than similarly situated employees of other races or ethnicities who

22   performed the same or substantially similar work when viewed as a composite of skill, effort, and

23   responsibility, and which was performed under similar working conditions.  Intel so discriminated

24   against Plaintiff by subjecting her to discriminatory pay, stock opportunities, raises, and/or bonuses,

25   discriminatory denials of promotions and other advancement opportunities that would result in higher

26   compensation, and other forms of discrimination in violation of the Fair Employment and Housing Act.

27       96.    Ms. Wong's race was a motivating factor for Intel's discriminatory conduct.

28       97.    Intel's policies, practices and/or procedures have produced a disparate impact on Ms.

12

COMPLAINT FOR SEX AND RACE DISCRIMINATION AND DEMAND FOR JURY TRIAL

Wong with respect to the terms and conditions of her employment.

98.     Intel's conduct is not justified by business necessity or, if it could be justified, there are less discriminatory alternatives to it.

99.     As a result of Intel's conduct, Ms. Wong has suffered and continues to suffer harm, including but not limited to, lost earnings, lost benefits, lost future employment opportunities, other financial loss, as well as non-economic damages.

100.    Intel's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Ms. Wong, entitling her to punitive damages.

101.    By reason of the continuous nature of Intel's discriminatory conduct, which persisted throughout Ms. Wong's employment, Ms. Wong is entitled to application of the continuing violations doctrine to all violations alleged herein.

102.    By reason of Intel's discrimination, Ms. Wong is entitled to all legal and equitable remedies available for violations of FEHA, including but not limited to, injunctive relief, reinstatement and an award of compensatory and punitive damages.

103.    Attorneys' fees should be awarded under California Labor Code § 1197.5.

104.    Ms. Wong requests relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE CALIFORNIA
### FAIR EMPLOYMENT AND HOUSING ACT
### California Government Code § 12940(h)

105.    Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

106.    Intel unlawfully retaliated against Ms. Wong because Ms. Wong opposed practices forbidden under FEHA.

107.    Ms. Wong engaged in protected activity and opposed forbidden practices when she communicated to her employer and disclosed her belief that they were engaging in employment discrimination.  These communications occurred on multiple occasions.

108.    Intel then subjected Ms. Wong to an adverse employment action by terminating her from her job.

109.    Ms. Wong's protected activity of opposing the discrimination in pay was a substantial motivating reason for Intel's decision to terminate Ms. Wong's employment.

110.    As a result of Intel's conduct, Ms. Wong has suffered and will continue to suffer harm, included but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

111.    Ms. Wong requests relief as hereinafter provided.

**NINTH CAUSE OF ACTION**
**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

112.    Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

113.    Intel unlawfully retaliated against Ms. Wong because she opposed discriminatory pay practices which violated the public policies against sex and race discrimination in employment.

114.    Ms. Wong communicated her opposition to Intel's discriminatory pay practices on multiple occasions to Intel.

115.    Ms. Wong's opposition to Intel's discriminatory pay practices were a substantial motivating reason or Intel's decision to discharge Ms. Wong.

116.    As a result of Intel's conduct, Ms. Wong has suffered and will continue to suffer harm, included but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

117.    Ms. Wong requests relief as hereinafter provided.

**TENTH CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**Business and Profession Code § 17200, et seq.**

118.    Ms. Wong hereby incorporates and realleges each and every preceding paragraph of this Complaint as if the same were set forth at length herein.

119.    Intel is a "person" as defined under California Business & Professions Code § 17201.

120.    Intel's failure to pay Ms. Wong a non-discriminatory wage constitutes unlawful, unfair and/or fraudulent activity prohibited by California Business & Professions Code § 17200.  As a result of its unlawful, unfair acts or fraudulent acts, Intel reaped and continues to reap benefits at the expense of

14

1    Ms. Wong.  Intel should be enjoined from these activities.

2        121.    Accordingly, Ms. Wong is entitled to restitution with interest and other equitable relief as

3    hereinafter provided.

4                                **RELIEF REQUESTED**

5        WHEREFORE each Plaintiff prays for judgment against Defendants and, as appropriate to each

6    cause of action alleged and as appropriate to the standing of Plaintiff, as follows:

7        a.   All damages sustained as a result of Intel's conduct, including all actual, compensatory,

8             liquidated, consequential and general damages, including but not limited to damages for

9             loss of income, including stock options, emotional distress, humiliation, embarrassment,

10            and anguish, and restitution for back pay according to proof;

11       b.   Exemplary and punitive damages in an amount commensurate with Intel's ability to pay

12            and deter future conduct;

13       c.   Costs incurred herein, including reasonable attorneys' fees to the extent allowable by

14            law;

15       d.   Pre-judgment and post-judgment interest, as provided by law; and

16       e.   Such other and further legal and equitable relief as this Court deems necessary, just, and

17            proper.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR SEX AND RACE DISCRIMINATION AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2

Ms. Wong hereby demands a jury trial in this action for all claims so triable.

3

DATED: March 30, 2018

4

By: _____ */s/ Jennie Lee Anderson*_____

5

Jennie Lee Anderson

6

Jennie Lee Anderson (SBN 203586)

7

jennie@andrusanderson.com

Lori E. Andrus (SBN 205816)

8

lori@andrusanderson.com

Paul Laprairie (SBN 312956)

9

paul.laprairie@andrusanderson.com

**ANDRUS ANDERSON LLP**

10

155 Montgomery Street, Suite 900

San Francisco, CA 94104

11

Telephone:   (415) 986-1400

Facsimile:   (415) 986-1474

12

13

*Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR SEX AND RACE DISCRIMINATION AND DEMAND FOR JURY TRIAL